**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. LD-2016-0018, <u>Appeal of Craig N. Salomon,</u> <u>Esquire</u>, the court on May 12, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). On August 8, 2016, the Professional Conduct Committee (PCC) ordered that the respondent, Attorney Craig N. Salomon, be suspended from the practice of law in New Hampshire for six months. The PCC found, based upon a stipulation signed by the respondent and Disciplinary Counsel, that the respondent had violated New Hampshire Rules of Professional Conduct 3.4(c) and 8.4(a). In accordance with Supreme Court Rules 37(16)(a) and 37A, III(d)(4)(A), the respondent appealed the PCC order, and we accepted the appeal.

Under Rule 37(16)(i), an appeal of a PCC order shall be based on the PCC record. The court may affirm, reverse or modify the findings of the PCC. <u>See</u> <u>Sup. Ct. R.</u> 37(16)(a).

In this case, neither the respondent nor Disciplinary Counsel challenges the PCC's findings and rulings as to the rules violations. The sole issue before us is whether the six-month suspension ordered by the PCC is the proper sanction.

Relying upon the American Bar Association's <u>Standards for Imposing</u> <u>Lawyer Sanctions</u> (2005) (Standards), the PCC concluded that an immediate six-month suspension was the appropriate discipline in this case. The PCC stated that a six-month suspension was consistent with both the recommendation of the Hearing Panel and the purposes of attorney discipline. <u>See</u> <u>Coddington's Case</u>, 155 N.H. 66, 68 (2007) ("[T]he purpose of attorney discipline is . . . to protect the public, maintain public confidence in the bar, preserve the integrity of the legal profession, and prevent similar conduct in the future." (quotation omitted)).

Having considered the PCC's order, the record submitted on appeal, and the parties' briefs, we respectfully disagree with the PCC sanction. We conclude that, on balance, aggravating and mitigating factors warrant a downward deviation from the baseline sanction determined by the PCC of a suspension, especially considering the respondent's cooperation with the disciplinary process. <u>Standards</u>, <u>supra</u> § 9.32(e). The rules violations at issue involved the mismanagement of the respondent's personal finances, which

stemmed from his personal financial difficulties.  See Standards, supra § 9.32(c).  Additionally, although past violations are an aggravating factor, Standards, supra § 9.22(a), we do not give significant weight to this factor in the present case considering the timeframe and nature of the respondent's past violations.  Because we conclude that immediate suspension is not necessary to protect the public and to preserve the integrity of the legal profession, see Sup. Ct. R. 37(16)(f), we suspend the respondent from the practice of law for six months and stay this suspension for six months.

The court orders that Attorney Craig N. Salomon be suspended from the practice of law in New Hampshire for a period of six months; imposition of this suspension is stayed for a period of six months.  If the Attorney Discipline Office (ADO) or Screening Committee determines that any further grievances filed with the ADO against Attorney Salomon regarding past or future violations of the rules should be docketed as complaints, the PCC shall notify the court, and may request that the court impose any portion of the six-month suspension.  At the conclusion of the six-month stay, either party may request that the stay of the suspension be made permanent.

Attorney Salomon is hereby assessed all expenses incurred by the PCC in the investigation and prosecution of this matter.  See Sup. Ct. R. 37(19)(a).

> Affirmed in part; and
> modified in part.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

2